# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| ANNE OSBORN-GUSTAVSON AND GWENDOLYN OSBORN-GUSTAVSON, Plaintiffs, | ) ) ) ) ) | |
| v. | ) ) | C.A. NO. K22C-01-009 DJB |
| JOHNNY DALE WAITE, KIMBERLEY I. WAITE, individually and as Successor Trustee for CHASE MATTHEW WAITE and ALEXA WAITE, TONYA LEIDICH-WILLIAMS, TDR GROUP, INC., d/b/a TOTALLY DISTINCTIVE REALTY, INC., Defendant(s). | ) ) ) ) ) ) ) ) ) | |

## MEMORANDUM OPINION

*Upon Defendant's Motion to Dismiss – DENIED*

Argued:  July 27, 2021
Decided: October 3, 2022

Joseph D. Stanley, Esquire, Schwartz & Schwartz, Dover, Attorney for Plaintiffs.

Peter K. Schaeffer, Jr., Esquire, Avenue Law, Dover, Delaware, Attorney for Defendants Tonya Leidich-Williams and TDR Group, Inc.

BRENNAN, J.

Before the Court is Defendant Tonya Leidich-Williams and Defendant TDR Group, Inc. d/b/a Totally Distinctive Realty, Inc.'s (hereinafter "Agent Defendants") Motion to Dismiss pursuant to Superior Court Rules of Civil Procedure 9(b) and 12(b)(6). Agent Defendants argue Plaintiffs have not met the relevant pleading standards as to Counts II and III of the Complaint and as a result, these counts should be dismissed. Count II alleges Agent Defendants are liable under the Buyer Property Protection Act (hereinafter "BPPA" or "the Act") in Title 6, Chapter 25 of the Delaware Code, for failing to disclose a material defect in a property purchased by Plaintiffs and sold by Defendants Johnny and Kimberly Waite with the assistance of the Agent Defendants. Count III alleges a common law claim of Fraud against the Agent Defendants for the same conduct. In opposition, Plaintiffs argues the Complaint sufficiently states with particularity its claims and thus satisfies the requirements of the respective pleading standards. For the reasons stated herein, the Motion to Dismiss is DENIED.

## I.  FACTUAL BACKGROUND

On or about October 23, 2003, Defendants Johnny Dale Waite and Kimberly I. Waite ("Waite Defendants")[1] acquired real property located at 258 Almshouse Road, Camden Wyoming, Delaware, 19934 (the "Property").[2] In November 2019, Agent Defendants,[3] the Waite Defendants' real estate agent, listed the Property for sale.[4] In a writing disclosed to potential purchasers, Leidich-Williams represented

---

[1]  Kimberly I. Waite is named as a defendant in her individual capacity and as successor trustee for Chase Matthew Waite and Alexa Waite.

[2]  Compl. ¶ 7.

[3]  Totally Distinctive Realty Group ("TDR") is a Delaware corporation owned and operated by Defendant Leidich-Williams. Plaintiffs assert that "TDR is responsible for the actions of Defendant Leidich-Williams under *respondeat superior*." Compl. ¶ 108.

[4]  Compl. ¶ 11.

that the Property was in "good shape."[5]

On or about December 9, 2018, Plaintiffs Anne Osborn-Gustavson and Gwendolyn Osborn-Gustavson (hereinafter "Plaintiffs") expressed interest in purchasing the Property.[6]  As part of the listing process, the Waite Defendants completed the Seller's Disclosure of Real Property Condition Report (the "Disclosure"), pursuant to the BPPA, which Leidich-Williams provided to Plaintiffs' real estate agent.[7]  After review of the Disclosure, Plaintiffs offered to purchase the Property.[8]

On December 17, 2018, pursuant to the parties' agreement of sale, Plaintiffs inspected the Property and discovered numerous undisclosed defects.[9]  During inspection, the condition of the pool was unable to be assessed, as it was closed for the season and had been "covered with a dark, solid-color cover."[10]  Following inspection, the parties executed an addendum, requiring the Waite Defendants to hire a licensed contractor to fix the identified deficiencies as a condition of the sale.[11]  The parties closed on the Property on January 9, 2019. Plaintiffs moved into the residence later that month.[12]

Within the first several months, Plaintiffs discovered numerous issues with the Property, including issues the Waite Defendants had agreed to repair pursuant to the addendum.[13]  In April 2019, Plaintiffs hired the Waite's former pool

---

[5]     *Id.* ¶ 12.
[6]     *Id.* ¶ 13.
[7]     *Id.*
[8]     *Id.* ¶ 27.
[9]     *Id.* ¶¶ 28-33, 35.
[10]    *Id.* ¶ 34.
[11]    *Id.* ¶ 35.
[12]    *Id.* ¶ 37-38.
[13]    *Id.* ¶ 39.

technician to open the pool for the summer.[14]  Upon removing the cover, the pool appeared to be in a state of disrepair; one-third of the pool tiles along the wall were broken or missing, with several tiles at the bottom of the pool.[15]  The technician then informed Plaintiffs that this pool had been "notorious" for losing tiles and showed Plaintiffs where the Waite Defendants kept a bucket of discarded tiles on the Property.[16]  Plaintiffs initially requested, but ultimately failed to receive, a reimbursement for pool repairs from the Waite Defendants.  Following the denial of reimbursement, Defendant Leidich-Williams contacted Plaintiffs' real estate agent who acknowledged that "she had been aware of the tile damage either at the time the Disclosures were provided or some time prior to the settlement of the Property."[17]

Ultimately, Plaintiffs filed suit.  Their Complaint sets forth five separate counts, two of which allege wrongdoing against the Agent Defendants.  Count II - Breach of Statutory Obligation to Disclose Material Defects, alleges the Agent Defendants breached their statutory obligation "to ensure that the Disclosure disclosed any and all defects known or which should have been known before tendering the Disclosure to a prospective purchaser."[18]  Count III - Fraud, alleges Agent Defendants had been aware of the pool damage, made false or misleading statements in the Disclosure regarding the pool upon which Plaintiffs justifiably and detrimentally relied.[19]

## II.    STANDARD OF REVIEW

Review under Superior Court Civil Rule 12(b)(6) requires the Court to

---

[14]    *Id.* ¶ 40.
[15]    *Id.* ¶ 41.
[16]    *Id.* ¶ 42.
[17]    *Id.* ¶¶ 69-70.
[18]    Compl. ¶ 93.
[19]    *Id.* ¶¶ 107-13.

determine whether a plaintiff may recover under any "reasonably conceivable set of circumstances susceptible of proof under the complaint."[20]  Pursuant to Rule 12(b)(6), the Court will:

> (1) accept all well pleaded factual allegations as true, (2) accept even vague allegations as "well pleaded" if they give the opposing party notice of the claim, (3) draw all reasonable inferences in favor of the non-moving party, and (4) not dismiss the claims unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[21]

"The Court, however, need not accept conclusory allegations unsupported by specific facts or … draw unreasonable inferences in favor of the non-moving party."[22]  "If any reasonable conception can be formulated to allow Plaintiffs' recovery, the motion must be denied."[23]

When reviewing a motion to dismiss with respect to an allegation of fraud, the Court must review whether the Complaint has been pled with particularity.[24]  Under this heightened pleading standard, a plaintiff must articulate the fraudulent statement, demonstrate justifiable reliance upon this representation and assert damages as a result.[25]

---

[20]  *Vinton v. Grayson*, 189 A.3d 695, 700 (Del. Super. 2018) (quoting Superior Court Civil Rule 12(b)(6)).

[21]  *Id*. (quoting Cent. *Mortg. Co. v. Morgan Stanley Mortg. Capital Hldgs. LLC*, 27 A.3d 531, 535 (Del. 2011)) (citing *Prince v. E.I. DuPont de Nemours & Co*., 26 A.3d 162, 166

[22]  *Intermec IP Corp. v. TransCore, LP*, 2021 WL 3620435, at *11 (Del. Super. Ct. Aug. 16, 2021) (citing *Prince v. E.I. DuPont de Nemours & Co.*, 26 A.3d 162, 166 (Del. 2011), overruled on other grounds by *Ramsey v. Ga. S. Univ. Advanced Dev. Ctr.*, 189 A.3d 1255, 1277 (Del. 2018)).

[23]  *Vinton*, 189 A.3d at 700 (citing *Cent. Mortg. Co.*, 27 A.3d at 535).

[24]  Superior Court Civil Rule 9(b).

[25]  *Cahall v. Nasr*, 2020 WL 3581565, at *4 (Del. Super. June 30, 2020).

## III. DISCUSSION

### Count II – Breach of Statutory Obligation

The Buyers Property Protection Act provides real estate buyers certain protections by imposing legal obligations upon both the sellers of personal property and the seller's real estate agents.[26] Agent Defendants argue that Plaintiffs has failed to, and are unable to assert a claim under the Act in Court II, because no such legal obligation exists for an agent in this case. In support, Defendants cite to this Court's decision in *Cahall v. Nasr*, in which the Court previously examined this Act and was faced with the question of whether the Act created legal obligations for real estate agents.[27] Defendants argue while *Cahall* recognized a cause of action under this Act, it only did so under the particular factual circumstance where an agent is found to have had a longstanding relationship with their client. Such a relationship did not exist here. Plaintiffs disagree and read *Cahall* to conclude that agents can be found liable under the Act, and that the longstanding relationship was not determinative, but rather provided the basis for the court's decision that the plaintiff had sufficiently pled a claim under the Act.

The BPPA creates statutory obligations on a selling agent, and thus, a legal cause of action if those obligations are breached. A close reading of the entirety of the Act itself, as well as *Cahall* support such a conclusion. Throughout the Act, its plain language references potential causes of action, and in doing so, creates the potential for liability.[28] Section 2575 of the BPPA is entitled "Causes of Action." While one may think this section would speak to which causes of action *can*

---

[26] Title 6, Sections 2750-2758 of the Delaware Code, as amended; *Cahall v. Nasr*, 2020 WL 3581565, at *4.
[27] *Cahall v. Nasr*, 2020 WL 3581565 (Del. Super. June 30, 2020).
[28] 6 *Del. C.* § 2570, et seq.

brought, it does the opposite. Instead, this section speaks exceptions to liability and exempts a "seller, agent and/or subagent" from liability for:

> (1) material defects in the condition of the residential real property disclosed to the buyer prior to the buyer making an offer to purchase; (2) material defects developed after the offer was made but disclosed prior to final settlement, provided seller has complied with the agreement of sale; or (3) material defects which occur after final settlement.

Codifying these specific exceptions to liability naturally implies that the obligations imposed within the Act create liability upon all three listed parties.[29] This conclusion is further supported by *Cahall*, where Superior Court referenced this section in its finding that an independent cause of action can proceed for a real estate agent based upon violations of this Act.[30]

The Court disagrees that *Cahall* was limited to only scenarios that involve a longstanding relationship. Reading *Cahall* in such a way is inconsistent with the statutory interpretation of the BPPA. Therefore, Plaintiffs are free to allege a violation of this Act in their Complaint. The Court also disagrees that here, Plaintiffs have failed to set forth a claim under which relief can be based pursuant to Rule 12(b)(6). Plaintiffs' Complaint alleges that Agent Defendants knew about the pool tile defects and failed to disclose them.[31] Plaintiffs reference a conversation with Defendant Leidich-Williams in which she allegedly acknowledged having been aware of the tile damages "either at the time the

---

[29] *Id.*

[30] *Cahall*, 2020 WL 3581565 at *4, 2020 WL 3581565 at *4-5 "Reading the Act as a whole, it appears to the Court that agents and subagents are also required to disclose the real estate defects to potential buyers *at least* under the facts of this case where the relationship between the two Defendants is longstanding, and Defendant Carpenter likely knew or should have known about the defects in the Property."(emphasis added).

[31] Complaint at ¶¶ 63, 64, 70 & 92.

Disclosures were provided or some time prior to the settlement of the Property."[32] Count II articulates how none of the exceptions found in 6 Del. C. § 2575 apply, as the pool tile damage "predated preparation and execution Disclosure".[33]

To the extent this will ultimately rise to the level of a successful claim going forward is not the question before the Court, however the Court finds this pleading sufficient to satisfy Rule 12(b)(6) and allow Plaintiffs to avail themselves of the discovery process to explore this claim further. The motion to dismiss Count II is DENIED.

COUNT III – FRAUDULENT MISREPRESENTATION

Defendant challenges Plaintiffs' allegation of fraud in Count III, as failing to have been pled with particularity in accordance with Superior Court Civil Rule 9(b). Claims of fraud must contain specific allegations that a false representation was made with knowledge or belief that the statement was false, with the intent to induce a plaintiff to either act or refrain from acting. Further, any action taken by a plaintiff was in justifiable reliance upon that representation and damages must have resulted.[34] In this scenario, Plaintiffs must show that the defective pool condition was "knowable" and that the Agent Defendants were in a position to have known this at the time of the misrepresentation.[35]

Here, Plaintiffs have sufficiently alleged an allegation of fraud to allow this case to proceed to the discovery phase. Plaintiffs set forth the false representation made – the disclosure, for the purpose of selling the property.[36] Plaintiffs further

---

[32] Complaint at ¶ 70.
[33] Complaint at ¶¶92-94.
[34] *Lock v. Schreppler*, 426 A.2d 856, 861 (Del. 1981); see also *Cahall*, 2020 WL 3581565 at *5.
[35] *Cahall*, 2020 WL 3581565 at *5.
[36] Complaint at ¶¶ 12-14, 34 and 109.

pled their reliance on that disclosure.[37] Plaintiffs have alleged Agent Defendants' knowledge of the false statement by way of their assertion, as mentioned above, that Defendant Leidich-Williams acknowledged having been aware of the tile damage.[38] Finally, Count III delineates the accusations and alleges that damages have been sustained as a result.[39] These allegations are sufficient to set forth a claim of fraud at this stage of litigation, viewing the facts in the light most favorable to Plaintiff.[40] Once again, discovery will reveal any future success of this claim as litigation continues. The motion to dismiss as to Count III is DENIED.

**IT IS SO ORDERED.**

*/s/ Danielle J. Brennan*
**Judge Danielle J. Brennan**

---

[37] Complaint at ¶¶ 35-38.
[38] Complaint at ¶ 70, 106-107, 108.
[39] Complaint at ¶¶ 105-113.
[40] See *Cahall*, 2020 WL 3581565, at *6.